IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00722-GPG

JAMES ROBERT GRESHAM,

    Applicant,

v.

COLORADO DEPARTMENT OF PAROLE,
JOE MORALES, (Chairperson) Director, and
DENISE BALAZIC, Hearing Officer,

    Respondents.

---

ORDER TO FILE PRELIMINARY RESPONSE

---

On March 28, 2016, Applicant James Robert Gresham initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Applicant is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Delta Correctional Center in Delta, Colorado. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915. The Application raises three claims: 1) Applicant's due process rights were violated in his parole hearing; 2) Applicant had a conflict of interest with the hearing officer; and 3) Respondent Joe Morales did not review and respond to Applicant's challenge to the parole hearing. *See* ECF No. 1 at 4-5.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court has determined that a limited Preliminary Response is appropriate. Respondents are directed pursuant to Rule 4 of

the Rules Governing Section 2254 Cases in the United States District Courts and *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), to file a Preliminary Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) and/or procedural default.  If Respondents do not intend to raise any of these affirmative defenses, they must notify the Court of that decision in the Preliminary Response.  Respondents may not file a dispositive motion as the Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies, if indeed exhaustion of state court remedies is required.  Applicant should also include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court, and any information relevant to overcoming a procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice.

Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Preliminary Response that complies with this Order and addresses exhaustion, timeliness, and jurisdiction issues.   It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.   It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Preliminary Response.

DATED April 19, 2016, at Denver, Colorado.

                                        BY THE COURT:

                                        s/Gordon P. Gallagher
                                        United States Magistrate Judge